# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DMITRY ZHIGALOV, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> MARCOS COSTILLA, ET AL., § <br> § <br> *Defendants*. § | Civil Action No. 4:21-CV-087 <br> Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) (Dkt. #9). After considering the Motion and the relevant pleadings, the Court finds that the Motion should be denied.

### BACKGROUND

Plaintiff Dmitry Zhigalov is a professional photographer. Among the works he has produced is a piece entitled "Aircraft Landing at Sundown" (the "Work"), which was first published on September 1, 2011, and registered with the United States Copyright Office on December 6, 2014. When Zhigalov published the Work post-registration, he displayed his copyright management information on it.

Within the last three years, Zhigalov alleges that he discovered "one or more" of Defendants Marcos Costilla, Raul C. Trevino, and Marcos Costilla Aviation Consulting Group, LLC (collectively, "Defendants"), or "someone at their direction," to be using the Work without Zhigalov's permission (Dkt. #1 at p. 3). According to Zhigalov, on or around December 4, 2020, he "sent a formal letter" to Defendants "identifying the known infringing URLs and," among other things, "demand[ed] that Defendants cease and desist from their ongoing infringements" of the

Work (Dkt. #1 at p. 4). Defendants did not respond to Zhigalov's correspondence (Dkt. #1 at p. 4). Roughly two months after Zhigalov sent the letter, he filed suit against Defendants (Dkt. #1).

On April 26, 2021, Defendants filed their Motion to Dismiss Pursuant to FRCP 12(b)(6) (Dkt. #9), currently before the Court. On April 30, 2021, Zhigalov filed his response (Dkt. #11). On May 7, 2021, Defendants filed their reply (Dkt. #15).

## LEGAL STANDARD

A party may move to dismiss a case if a plaintiff does not "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To avoid dismissal for failure to state a claim, the complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

"To withstand a motion to dismiss, a complaint must allege 'more than labels and conclusions,' as 'a formulaic recitation of the elements of a cause of action will not do.'" *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quoting *Twombly*, 550 U.S. at 555). "To be viable, a complaint must contain more than 'legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement.'" *In re Toyota Hybrid Brake Litig.*, No. 4:20-

CV-127, 2021 WL 366473, at *1 (E.D. Tex. Feb. 3, 2021) (quoting *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019)). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (cleaned up) (quoting *Twombly*, 550 U.S. at 558).

## ANALYSIS

Defendants assert that the Court should dismiss Zhigalov's complaint under Rule 12(b)(6) because he failed to allege sufficient facts to state claims for various forms of federal copyright infringement and violation of the Digital Millennium Copyright Act ("DMCA"). After reviewing Zhigalov's complaint, the motion to dismiss, the response, and the reply, the Court finds that Zhigalov has plausibly alleged sufficient facts to state claims for relief under the various causes of action asserted. Accordingly, Zhigalov's pleadings are sufficient to survive a Rule 12(b)(6) motion to dismiss.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) (Dkt. #9) is **DENIED**.

**SIGNED this 29th day of June, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE