# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DMITRY ZHIGALOV, | § § | |
| *Plaintiff*, | § § | Civil Action No. 4:21-CV-087 |
| v. | § § | Judge Mazzant |
| MARCOS COSTILLA, ET AL., | § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Strike Pursuant to FRCP 12(f) (Dkt. #10). After considering the Motion and the relevant pleadings, the Court finds that the Motion should be denied.

## BACKGROUND

This lawsuit stems from accusations made by Plaintiff Dmitry Zhigalov against Defendants Marcos Costilla, Raul C. Trevino, and Marcos Costilla Aviation Consulting Group, LLC (collectively, "Defendants"), in which Defendants allegedly infringed on copyright-protected work belonging to Zhigalov. On January 29, 2021, Zhigalov filed his complaint (Dkt. #1).

On April 29, 2021, Defendants filed their Motion to Strike Pursuant to FRCP 12(f) (Dkt. #10), currently before the Court. On April 30, 2021, Zhigalov filed his response (Dkt. #12). On May 7, 2021, Defendants filed their reply (Dkt. #16).

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize courts, on their own accord or on motion, to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f)(1)–(2). Striking a pleading is "a drastic remedy to be resorted to only when required for the purposes of justice," and a motion requesting such relief should be granted "only

when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (internal quotation marks omitted) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *see OKC Corp. v. Williams*, 461 F. Supp. 540, 550 (N.D. Tex. 1978) (Higginbotham, J.). When a party brings a Rule 12(f) challenge for redundancy, immateriality, impertinency, or scandalousness, courts should not strike a pleading or allegation simply because it "'offend[s] the sensibilities' of the objecting party." *Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 301–02 (W.D. Tex. 2017) (quoting *United States v. Coney*, 689 F.3d 365, 380 (5th Cir. 2012)). Courts possess "considerable discretion in ruling on a motion to strike." *E.S. v. Best W. Int'l, Inc.*, No. 3:20-CV-00050-M, 2021 WL 37457, at *2 (N.D. Tex. Jan. 4, 2021) (citing *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)).

## ANALYSIS

The present dispute involves a trio of paragraphs from Zhigalov's complaint. Defendants assert that paragraphs 15, 16, and 24 of the complaint should be stricken by the Court under Rule 12(f) (Dkt. #10 at p. 2). Specifically, Defendants voice three concerns regarding these paragraphs: (1) they include evidence regarding another party's conduct during compromise negotiations in violation of Federal Rule of Evidence 408; (2) they are immaterial to the immediate action; and (3) they are prejudicial because they attempt to impute liability to Defendants without any basis in law (*see* Dkt. #10 at pp. 3–4; Dkt. #16 at pp. 1–2). Zhigalov disagrees, maintaining that (1) Rule 408 does not apply in this situation; (2) the information in these paragraphs is directly relevant and material to the lawsuit; and (3) his pleadings in no way prejudice Defendants (Dkt. #12 at pp. 3–6).

Beginning with the evidentiary issue, "Rule 408 precludes admitting any 'conduct or statement made during compromise negotiations about the claim' 'to prove or disprove the validity

2

or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction.'" *Ball v. LeBlanc*, 881 F.3d 346, 354 (5th Cir. 2018) (ellipsis omitted) (quoting FED. R. EVID. 408(a)(2)). "This rule 'is designed to encourage settlements by fostering free and full discussion of the issues.'" *MCI Commc'ns Servs., Inc. v. Hagan*, 641 F.3d 112, 117 (5th Cir. 2011) (quoting *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981)). The dual justifications underlying Rule 408 are "the irrelevancy of [Rule 408-type] evidence and the public policy in favor of compromise," and "[c]ourts must ensure that Rule 408 remains 'tethered to the[se] rationales.'" *LeBlanc*, 881 F.3d at 354 (quoting *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 298 (5th Cir. 2010)). Further, it is critical to the rule's effectiveness that "[l]itigation does not need to have commenced for Rule 408 to apply"—there need only "be 'an actual dispute or a difference of opinion.'" *MCI Commc'ns*, 641 F.3d at 117 (quoting *Lyondell*, 608 F.3d at 295 n.38).

Courts have previously stricken allegations under Rule 12(f) that contain evidence protected by Rule 408. *See Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006) (collecting cases). But nowhere in the motion to strike or their reply do Defendants demonstrate an actual dispute or difference of opinion with Zhigalov that would trigger Rule 408's exclusionary protections. *See Buckhanan v. Shinseki*, 665 F. App'x 343, 350–51 (5th Cir. 2016) (Graves, J., specially concurring) ("Rule 408 'does not exclude statements made before such a controversy arises, and does not exclude pre-controversy conduct either.'" (quoting 2 CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 4:57 (4th ed.))). Zhigalov alleges, and Defendants do not dispute, that "Defendants never responded to any of [his pre-suit] letters, emails, and/or phone calls" regarding the alleged infringement on which this suit is based (Dkt. #12 at p. 4). Absent evidence of an actual dispute or difference of opinion among the parties, Rule 408

cannot serve to exclude the information with which Defendants take issue here. *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 527 (3d Cir. 1995) ("[R]ule 408 exclusion applies where an actual dispute or a difference of opinion exists, rather than when discussions crystallize to the point of threatened litigation."); *see, e.g.*, *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 551 (5th Cir. 2009); *Companion Prop. & Cas. Ins. Co. v. Opheim*, 92 F. Supp. 3d 539, 546 (N.D. Tex. 2015); *Holcombe v. Advanced Integration Tech.*, No. 4:17-CV-522, 2019 WL 183926, at *2 (E.D. Tex. Jan. 14, 2019). Therefore, Rule 408 does not apply to the paragraphs from Zhigalov's complaint currently at issue.[1]

Defendants also argue that the allegations in paragraphs 15, 16, and 24 are immaterial to the action Zhigalov has brought before the Court. This position is difficult for the Court to grasp. Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1382 (3d ed.). In his complaint, Zhigalov alleges five counts against Defendants, one of which is "reckless/willful copyright infringement" (Dkt. #1 at pp. 5–6). Statutory damages are available to a copyright owner when infringement of a copyright is willful. *Controversy Music v. Down Under Pub Tyler, Inc.*, 488 F. Supp. 2d 572, 578 (E.D. Tex. 2007); *see* 17 U.S.C. § 504(c)(2). "To prove willful infringement, '[a] plaintiff must show (1) that the defendant was

---

[1] Typically, evidentiary objections, like the one Defendants advance here, are "a non-issue at the pleading stage and [are] more appropriately dealt with via motions in limine at trial." *Edwards v. Juan Martinez, Inc.*, No. 220CV00570JADEJY, 2020 WL 7260931, at *9 (D. Nev. Dec. 10, 2020); *see Parmar v. City of Aurora, Colo.*, No. 20-CV-02801-NRN, 2020 WL 7260745, at *3 (D. Colo. Dec. 10, 2020) (explaining that a motion to strike under Rule 12(f) should not "be used as a preemptive motion in limine to attempt to exclude specific evidence"). Federal district courts generally agree on this point. *See, e.g.*, *McClellan v. City of Sacramento*, No. 220CV00560TLNKJN, 2021 WL 1164487, at *3 (E.D. Cal. Mar. 26, 2021); *Sawo v. Drury Hotels Co., LLC*, No. 11-CV-2232-JTM-GLR, 2011 WL 3611400, at *2 (D. Kan. Aug. 15, 2011); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV-09-01531-PHX-JAT, 2010 WL 3034880, at *4 (D. Ariz. Aug. 3, 2010). So even though paragraphs 15, 16, and 24 of Zhigalov's complaint "are not properly subject to a motion to strike at the pleading stage," the Court may consider Defendants' argument at a later time "on a motion in limine." *Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 2d 1363, 1374 (S.D. Fla. 2004).

actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights.'" *Berg v. Symons*, 393 F. Supp. 2d 525, 539 (S.D. Tex. 2005) (quoting *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)); *see Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988) ("A defendant acts 'willfully' . . . if he knows his actions constitute an infringement."). It is not uncommon for plaintiffs to attempt to demonstrate willful infringement through evidence of pre-suit efforts to notice a defendant of possible infringement, only for the defendant to continue the allegedly infringing actions. *See, e.g.*, *EMI April Music Inc. v. Jet Rumeurs, Inc.*, 632 F. Supp. 2d 619, 625–26 (N.D. Tex. 2008); *Microsoft Corp. v. Software Wholesale Club, Inc.*, 129 F. Supp. 2d 995, 1009 (S.D. Tex. 2000); *Swallow Turn Music v. Wilson*, 831 F. Supp. 575, 579–80 (E.D. Tex. 1993). This being the case, the Court cannot see how the information Zhigalov pleads in paragraphs 15, 16, and 24 is immaterial—it bears directly on a claim for relief. For Rule 12(f) purposes, this information is clearly material.

Finally, Defendants claim that the paragraphs from Zhigalov's complaint currently under scrutiny are prejudicial, seeking to "improperly impute liability" to Defendants "without any basis in law" (Dkt. #10 at p. 4). The Court is unsure how Defendants arrive at this conclusion. To start, this argument appears to be evidentiary, which is similar in nature to Defendants' contention regarding Rule 408. *See, e.g.*, *Brady v. Basic Rsch., L.L.C.*, 101 F. Supp. 3d 217, 226 (E.D.N.Y. 2015); *see also* FED. R. EVID. 403. As such, if this issue has merit, it is better addressed at a later stage on a motion in limine. Additionally, the "prejudice" Defendants allege to result from paragraphs 15, 16, and 24 of the complaint are not prejudicial under Rule 12(f). *See Washington v. Pac. Summit Energy LLC*, No. 4:20-CV-290, 2021 WL 229653, at *3 (S.D. Tex. Jan. 21, 2021). This rule protects parties from "the prejudice of unnecessary pleadings." *Bates v. Laminack*, 938

F. Supp. 2d 649, 668 (S.D. Tex. 2013). Zhigalov included these allegations in his complaint "to provide notice" to Defendants as to substantiate his accusation that Defendants "act[ed] recklessly/willfully" in committing the alleged copyright infringement (Dkt. #12 at p. 6). Contrary to Defendants' argument, these allegations are not prejudicial to Defendants under Rule 12(f).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Strike Pursuant to FRCP 12(f) (Dkt. #10) is **DENIED**.

**SIGNED this 29th day of June, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE